## MASSEY SURV. VS. PIKE.

In a suit by the surviving partner of the firm of P. & Co., the breach in the declaration, that the defendant had not paid to the surviving partner, nor to P. & Co., is sufficient—the negation of payment to the firm, is a negation of payment to any member thereof.

Though one partner cannot bind another by deed or bond, by virtue of the partnership relation merely; yet a declaration alleging that the partners " made their

certain writing obligatory signed by their firm name," " and sealed with their seal," etc., is good on demurrer—if it was the deed of but one, it must be shown by plea on the part of the partner who did not execute the bond.

*Error to Monroe Circuit Court.*

Hon. GEORGE W. BEAZLEY, Circuit Judge.

CUMMINS & GARLAND, for the plaintiff.

FOWLER & STILLWELL, for the defendant.

Mr. Chief Justice ENGLISH delivered the opinion of the Court.

James H. Massey, as surviving partner of a late mercantile firm composed of himself and Joseph H. Palmer, trading under the firm name of Joseph H. Palmer & Co., brought an action of debt against Dedrick Pike and James J. Cowart, as late partners, doing business under the style of Pike & Cowart, in the Monroe Circuit Court.

The cause of action is set out in the declaration, as follows:

" For that whereas, the said defendants, heretofore, *to-wit:* on the 14th day of July, 1852, at, etc., made their certain writing obligatory signed by their firm name and style of Pike & Cowart, and sealed with their seal, bearing date, etc., and then and there delivered the said writing obligatory to the said Joseph H. Palmer & Co., of whom the plaintiff is survivor, the said Joseph H. Palmer having departed this life since the execution and delivery of said writing obligatory, which said writing obligatory is now to the Court shown; by which said writing obligatory they, the said defendants, then and there promised to pay, one day after the date thereof, to the said Joseph H. Palmer & Co., or order, the sum of two hundred and thirty-eight 58-100 dollars, for value received, to bear interest at the rate of eight per cent. per annum from date until paid; by means whereof, etc., etc., the said defendants then and there became liable to pay to the said Joseph H. Palmer & Co., and

since the death of the said Joseph H. Palmer, to the plaintiff, the surviving member of the said firm of Joseph H. Palmer & Co., the said sum of money in the said writing obligatory specified, and interest thereon, etc., etc., according to the tenor and effect of the said writing obligatory. And although the said sum of money in the said writing obligatory specified, hath been due and payable according to the tenor and effect of the said writing obligatory: yet the said plaintiff in fact saith that the said defendants, although requested so to do, did not, nor would either of them, pay the said sum of money in the said writing obligatory specified, nor the eight per cent. interest thereon, or any part of either thereof, to the said plaintiff, as survivor of Joseph H. Palmer & Co., nor to the said Joseph H. Palmer & Co·, in manner aforesaid, or otherwise howsoever, but have hitherto wholly neglected and refused so to do, and still do neglect and refuse, to the damage of said plaintiff, as survivor," etc., etc.

It does not appear that the defendant, Cowart, was served with process. The writ was executed upon Pike, who appeared and filed a demurrer to the declaration, on the following grounds:

1st. The breach in said declaration is insufficient in this, that it does not negative the payment of the said sum of money in the said declaration specified, to the said Joseph H. Palmer in his lifetime.

2d. Said declaration does not state or show whether the said supposed cause of action therein specified accrued to the said Palmer & Có., or to the said plaintiff, as survivor, etc.

The Court sustained the demurrer as to the first cause assigned, and overruled it as to the second; and the plaintiff declining to amend the declaration, final judgment was rendered against him in favor of the defendant Pike.

The plaintiff brought error.

The breach was sufficient. Payment of a partnership debt to a member of a firm, is a payment to the firm. So a nega-

tion of payment to the firm, is a negation of payment to any member thereof.

The counsel for the defendant in error, (Pike,) submits that the declaration is bad, because one partner cannot bind another by deed, etc. The argument assumes that the bond sued on was executed by but one of the partners in the firm name, but the declaration alleges that it was executed by both of them— the language of the declaration is, " that the defendants, on, etc., made their certain writing obligatory, signed by their firm name, and style of Pike & Cowart, and sealed with their seal," etc.

It is true that one partner cannot bind another by a deed or bond, by virtue of the partnership relation merely. But one partner may bind another by deed, under a sealed power (*Story on Part.*, sec. 117.) So, if a deed be executed by one partner in the presence of, and with the assent of the other, it is the deed of both of them. *Ib. sec.* 120.

Here, the declaration alleges, in effect, that both of the partners executed the bond sued on, and if it was in fact executed by but one of them, without power from, or the assent of the other, this must be shown by plea of *non est factum*, to be interposed on the part of the partner who did not execute the bond.

Cowart not being a party to the judgment of the Court below, the writ of error was improperly prosecuted against him. His name must therefore be stricken from the writ, and from the record here, and the judgment of reversal rendered against Pike only.

Reversed, etc.